UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.  00-6349-CR-DIMITROULEAS/SNOW

UNITED STATES OF AMERICA        )
                                )
                                )
                                )
v.                              )
                                )
ROBERT A. ROBINSON,             )
                                )
       Defendant.               )
_____ )

### GOVERNMENT'S RESPONSE TO THE STANDING DISCOVERY ORDER

The United States hereby files this response to the Standing

Discovery Order.  This response also complies with Local Rule 88.10

and Federal Rule of Criminal Procedure 16, and is numbered to

correspond with Local Rule 88.10.

A.   1.   Enclosed, please find copies of two audio and three
          video   tapes   which   contain   recordings   of
          conversations had by the defendant.

     2.   The government is unaware of any oral statements
          made by the defendant before or after arrest in
          response to interrogation by any person then known
          to the defendant to be a government agent that the
          government intends to use at trial.

     3.   No defendant testified before the Grand Jury.



4.   The NCIC record of the defendant is attached.

5.   Books, papers, documents, photographs, tangible objects, buildings or places which the government intends to use as evidence at trial to prove its case in chief, or were obtained or belonging to the defendant may be inspected at a mutually convenient time at the Office of the United States Attorney, 500 East Broward Boulevard, Seventh Floor, Fort Lauderdale, Florida.   Please call the undersigned to set up a date and time that is convenient to both parties.

     The attachments to this discovery response are not necessarily copies of all the books, papers, documents, etc., that the government may intend to introduce at trial.

6.   A laboratory analysis of the substance seized in connection with this case will be made available to you upon receipt by this office.

B.   **DEMAND FOR RECIPROCAL DISCOVERY**: The United States requests the disclosure and production of materials enumerated as items 1, 2 and 3 of Section B of the Standing Discovery Order.   This request is also made pursuant to Rule 16(b) of the Federal Rules of Criminal Procedure.

C.   The government will disclose any information or material which may be favorable on the issues of guilt or punishment within the scope of <u>Brady v. Maryland</u>, 373 U.S. 83 (1963), and <u>United States v. Agurs</u>, 427 U.S. 97 (1976).

D.   The government will disclose any payments, promises of immunity, leniency, preferential treatment, or other inducements made to prospective government witnesses, within the scope of <u>Giglio v. United States</u>, 405 U.S. 150 (1972), or <u>Napue v. Illinois</u>, 360 U.S. 264 (1959).

E.   The government will disclose any prior convictions of any alleged co-conspirator, accomplice or informant who will testify for the government at trial.

2

F.       No defendant was identified in a lineup, show up, photo spread or similar identification proceedings.

G.       The government has advised its agents and officers involved in this case to preserve all rough notes.

H.       The government will timely advise the defendant of its intent, if any, to introduce during its case in chief proof of evidence pursuant to F.R.E. 404(b). You are hereby on notice that all evidence made available to you for inspection, as well as all statements disclosed herein or in any future discovery letter, may be offered in the trial of this cause, under F.R.E. 404(b) or otherwise (including the inextricably-intertwined doctrine).

In addition, the government may introduce under Rule 404(b) evidence underlying the defendant's past criminal activity that has resulted in arrests and/or convictions and which is summarized in the attached court documents.

I.       The defendant is not an aggrieved person, as defined in Title 18, United States Code, Section 2510(11), of any electronic surveillance.

J.       The government has ordered transcribed the Grand Jury testimony of all witnesses who will testify for the government at the trial of this cause.

K.       The government will, upon defense request, deliver to any laboratory presently registered with the Attorney General in compliance with 21 U.S.C. § 822 and § 823 and 21 C.F.R. 1301.13, a sufficient representative sample of any alleged contraband which is the subject of this indictment to allow independent chemical analysis of such sample.

If there is no response within ten (10) days from the date of the Certificate of Service attached hereto, the bulk of the contraband/narcotics will be destroyed. As usual, random samples will be set aside to be used as evidence at trial.

L.      The government does not know of any automobile, vessel, or aircraft allegedly used in the commission of this offense that is in the government's possession.

M.      The government is not aware of any latent fingerprints or palm prints which have been identified by a government expert as those of the defendant.

N.      To date, the government has not received a request for disclosure of the subject-matter of expert testimony that the government reasonably expects to offer at trial.

O.      The government will make every possible effort in good faith to stipulate to all facts or points of law the truth and existence of which is not contested and the early resolution of which will expedite trial. These stipulations will be discussed at the discovery conference.

     The government hereby requests that the defense stipulate to the following facts:

     1.      6.3 grams of cocaine base were seized from the defendant at the time of arrest in this case. Government Exhibit 1 is the 6.3 grams of crack cocaine seized from the defendant at the time of his arrest.

P.      At the discovery conference to be scheduled in Section A.5, above, the government will seek written stipulations to agreed facts in this case, to be signed by the defendant and defense counsel.

     The government is aware of its continuing duty to disclose such newly discovered additional information required by the Standing Discovery Order, Rule 16(c) of the Federal Rules of Criminal Procedure, _Brady_, _Giglio_, _Napue_, and the obligation to assure a fair trial.

4

The attachments to this response are numbered pages 1-128. These attachments have not been filed with the Court. Please contact the undersigned Assistant United States Attorney if any pages are missing.

Respectfully submitted,

GUY A. LEWIS
UNITED STATES ATTORNEY

By:

KATHLEEN RICE
Assistant United States Attorney
Florida Bar No. 100765
500 East Broward Blvd., 7th Floor
Fort Lauderdale, FL 33394
Tel: (954) 356-7255, ext. 3512
Fax: (954) 356-7336

cc: Special Agent Craig Schwartz,
    DEA

5

## CERTIFICATE OF SERVICE

    **I HEREBY CERTIFY** that a true and correct copy of the foregoing was delivered by United States mail this ___ day of May, 2001, to: Patrick M. Hunt, Assistant Federal Public Defender, One East Broward Boulevard, Eleventh Floor, Fort Lauderdale, Florida 33301.

KATHLEEN RICE
Assistant United States Attorney

6