In the United States District Court
For the Southern District of Florida

Robert Robinson
    Petitioner,

V.



Case No. 00-6349-cr-WPD

United States of America
    Respondent,

Title 18 U.S.C. § 3582 (c) (2) Motion to Modify
Sentence
Pursuant to Retroactive Guideline Amendment No. 711

    Comes Now pro se petitioner Robert Robinson respectfully submitting the instant Title 18 U.S.C. § 3582 (c) (2) motion to modify sentence pursuant to Guideline Amendment No. 711, made retroactive. Petitioner provides the following facts and citations of legal authority in support of his argument for a reduction in sentence.

I.                                                Relevant
Course of Proceedings

    The petitioner was charged in a three count indictment and pled guilty to Count I, which charged possession with intent to distribute cocaine base, in violation of 21 U.S.C. 841 (a) (1). In 10/16/01, he was sentenced to months.

Argument in Support of Reduction

    A 3582 (c) (2) re-sentencing is authorized when a defendant's sentence was based on a sentencing range that has subsequently been lowered. The petitioner's base offense level was 26, based on 6.3 grams of crack. See Gall V. United States, 128 S. Ct. 586, 596 (2007) (A district court should begin all sentencing proceedings by correctly calculating the applicable guidelines range… The guidelines should be the starting

point and the benchmark). The Amendment provides for a two (2) level reduction from that base offense level, thus the petitioner is eligible for re-sentencing under 3582 (c) (2).

Having established that the petitioner is eligible for the reduction, he asserts that the court must consult the relevant 3553 (a) factors to decide a sentence that is "sufficient, but not longer than necessary", using his discretion applying the Guidelines in a totally advisory manner. See United States V. Hicks, 472 F. 3d 1167, 1170 (9th Cir. 2007) ("because a mandatory system is no longer an open choice, district courts are necessarily endowed with the discretion to depart from the Guidelines when issuing new sentences under 3582 (c) (2)").

When looking to the 3553 (a) factors, the court now has the discretion to consider a wide range of relevant and reliable information on which a sentence a defendant. See Settembrino 125 F. Supp. 2d 511, 517 (S.D. of Fla. 2000) ("When faced with a 3582 (c) (2) re-sentencing, a district court may consider grounds for departure unavailable to a defendant at the original sentencing); see also Kimbrough V. United States, 128 S. Ct. 558 (2007).

In support of his argument for a reduction in sentence the petitioner would like to add the information concerning his post conviction conduct to establish that he is now worthy of the reduction. The petitioner asserts that he has received his G.E.D., successfully completed a drug awareness course, stress and anger management, typing I and II and has been preparing for a test to become a certified personal trainer, and culinary arts. Petitioner asserts that such strides at rehabilitation clearly establishes his readiness to reenter society and use his newly gained knowledge and skills to become a successfully hardworking law abiding citizen.

The petitioner asserts that the 3553 (a) factors from the original sentence, relied on by the court, combined with the additional information introduced the petitioner, and with the courts authority to depart from the Guidelines and use it in an advisory manner should lead to a reduction in sentence and refusal to do so should clearly violate 3553 (a) requirement NOT

to impose a sentence, longer than necessary to satisfy the purposes of sentencing.

### Requested Relief

Petitioner asserts that there are several options the court could adopt to modify the sentence. First, the petitioner prays that the court uses its discretionary authority and order a immediate release, reducing the sentence to credit for time served, or in the alternative, either strike the 4B1.1 provision from the current sentence and select a sentence from the available advised ranges, because leaving it intact would clearly lead the remainder of the petitioner's sentence being based solely on that reason, or at the very least, just reduce the current level of 29 by two (2) down to level 27 and issue a sentence at the bottom range of that level, whichever the court deems appropriate to provide a sentence that is sufficient, but not longer than necessary.

### Conclusion

Petitioner prays that this Honorable Court will review the instant motion favorable and modify his sentence pursuant to Title 18 U.S.C. 3582 (c) (2), to the lowest term of imprisonment. This court concludes is appropriate in light of the additional sentencing factors known to the court.

Respectfully Submitted,

Robert Robinson
# 55764-004
F.C.I. Williamsburg
P.O. Box 340
Salters, S.C. 29590

## Certificate of Service

    I, the undersigned hereby certify that on this 11th day of March 2008, a true and correct copy of the foregoing was mailed to the following.

Clerk of court for the United States District Court Southern District of Florida.

# Maine High School Equivalency Diploma

Maine Department of Education

*certifies that*

ROBERT A ROBINSON

*has demonstrated general knowledge and educational development equivalent to that attained by high school graduates under standards approved by the State of Maine Department of Education and is hereby awarded this*

STATE HIGH SCHOOL EQUIVALENCY DIPLOMA

*having the legal status of a high school diploma*

*Given at Augusta, Maine, this* 3rd *day of* August, 2004 *A.D.*

Certificate Number
115593

STATE ADMINISTRATOR, High School Equivalency Programs

GED CHIEF EXAMINER, Local Test Center

COMMISSIONER of EDUCATION

# Certificate of Achievement

## Robert Robinson

FCI Williamsburg Drug Abuse Education Program

On this date, August 22, 2005

Dr. Ramsey



# Certificate of Completion

Robert Robinson

*Is presented this Certificate of Completion for:*

## ACE Self Study Investing

Federal Correctional Institution
## WILLIAMSBURG
Education Department
## Adult Continuing Education

_____
Mr. Woolston, ACE Coordinator

February 6, 2007



# Certificate of Completion

Robert Robinson

*Is presented this Certificate of Completion for:*

## ACE Typing I

Federal Correctional Institution
### WILLIAMSBURG
Education Department

## Adult Continuing Education

_____
Mr. Woolston, ACE Coordinator

March 28, 2007

# Certificate of Completion



is presented this certificate of completion for:



Typing II

Federal Correctional Institution

Williamsburg

Education Department

K. Taylor, ACE Coordinator                    Date

# Certificate of Achievement

**Robert Robinson**

55764-004

For Consistent Attendance and Excellent Participation in the

Anger Management Group
Federal Correctional Institution
Williamsburg, SC

_____
Dr. Brantley, Staff Psychologist

June 14, 2007
Date

# Certificate of Achievement

## Robert Robinson

*For Consistent Attendance and Excellent Participation in the*

**Stress Management Group**

*Federal Correctional Institution*
*Williamsburg, SC*

_____
Dr. Brantley, Staff Psychologist

October 4, 2007
_____
Date