UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA,                    CASE NO.  00-6349-CR-DIMITROULEAS

      Plaintiff,

vs.

ROBERT ROBINSON,

      Defendant.

_____/

**O R D E R**

_____THIS CAUSE is before the Court on Defendant's March 11, 2008 Motion for Reduction

of Sentence (18 U.S.C. § 3582(c)(2)) [DE-36], and the Court having reviewed the Court file and

Pre-Sentence Investigation Report (PSIR) finds as follows:

    1.  On June 21, 2001, Robinson was indicted and charged with three (3) counts of

Possession with Intent to Distribute Crack Cocaine. [DE-22].

    2.  On July 5, 2001, Robinson pled guilty to one count [DE-29], pursuant to a plea

agreement. [DE-30].

    3.  On October 25, 2001, Robinson was sentenced to 151 months in prison, the low end of

the guidelines range. [DE-35].  The Pre-Sentence Investigation Report held Robinson accountable

for 6.3 grams of crack cocaine, which would have resulted in a Base Offense Level of 26.

However, Robinson qualified as a Career Offender, which enhanced his Base Level Offense to a

Level 32, with a criminal history Category VI (Robinson also had 21 criminal history points,

which also equated out to a Category VI) for a range of 151-188 months, once three levels for

acceptance of responsibility were subtracted.

1

4.  In this Motion for Reduction of Sentence, Robinson contends that he should get the benefit of the Sentencing Guidelines Commission's recent reduction in the scoring of crack cocaine, would have been reduced to the offense level to Level 24.  However, Jones' career offender status would still have resulted in the original Base Level of 32. U.S.S.G.. 4B1(b)(C). The change in the guidelines only reduces the Offense Level; it does not affect the statutory maximum, which governs the Career Offender calculation.  Therefore, any change in the guidelines does not affect Robinson's guidelines computations.  See U.S. v. Armstrong. 347 F. 3d 905, 907 (11th Cir. 2003).

5.  Finally, even if this amendment were helpful to Robinson, the Court has considered the PSIR and the factors in 18 U.S.C. § 3553(a) and would still find a sentence of 151 months to be reasonable and sufficient.  U.S.S.G. 1B1.10(b).

Wherefore, Robinson's Motion For Reduction of Sentence [DE-36] is Denied.

DONE AND ORDERED in Chambers at Fort Lauderdale, Broward County, Florida, this 18th day of March, 2008.

WILLIAM P. DIMITROULEAS
United States District Judge

Copies furnished to:

Roger Stefin, AUSA

Robert A. Robinson, #55764-004
c/o FCI Williamsburg
PO Box 340
Salters, SC 29590

2